**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**REJENA BOYD,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:25-CV-22 (KLEEH)**

**EMERALD ISLE, L.L.C. et al.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [ECF NO. 8]**

Pending before the Court is *Defendants VRBO Holdings, Inc. and HomeAway.com, Inc.'s Motion to Dismiss* [ECF No. 8]. For the reasons discussed herein, the Motion is **DENIED IN PART** and **GRANTED IN PART**.

## I. PROCEDURAL HISTORY

On August 1, 2025, Plaintiff Rejena Boyd ("Plaintiff") filed a Complaint for Damages against Defendants VRBO Holdings, Inc. ("VRBO Holdings") and HomeAway.com, Inc. ("HomeAway") in the Circuit Court of Upshur County, West Virginia. ECF No. 1-2. Plaintiff filed an Amended Complaint for Damages on September 3, 2025. ECF No. 1-3. On September 5, 2025, Defendants VRBO Holdings and HomeAway removed the instant case to the United States District Court for the Northern District of West Virginia. ECF No. 1.

On October 9, 2025, Defendants then filed a Motion to Dismiss

For Lack of Personal Jurisdiction and, Alternatively, For Failure to State a Claim [ECF No. 8] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Plaintiff filed a Response to the motion. ECF No. 20. Defendants filed their Reply in support of their motion. ECF No. 15. Additionally, Defendants filed a motion to have Plaintiff's Response stricken due to untimeliness. [ECF No. 21]. Defendants' Motion to Dismiss ("motion") [ECF No. 8] is fully briefed and ripe for decision.

## II. FACTUAL ALLEGATIONS[1]

Plaintiff brings multiple claims against VRBO Holdings and HomeAway, including (Count I) negligence, (Count II) breach of warranties, (Count III) misrepresentation, (Count IV) joint venture, (Count V) negligence per se, and (Count VI) grossly negligent and reckless conduct. ECF No. 1-3.

Plaintiff alleges that on or about August 3, 2023, Plaintiff drank a cup of coffee from a coffee maker at the rental property in which the Plaintiff was residing. Id. at ¶ 22. After drinking the cup of coffee, Plaintiff discovered cockroaches in the coffee maker. Id. at ¶ 24. Within an hour of drinking the coffee, Plaintiff "developed a tingling in her mouth and gums and began to get hives." Id. at ¶ 25 Plaintiff alleges she ingested juvenile cockroaches, cockroach eggs, and/or cockroach feces when drinking

[1] The Court accepts all well-pled allegations as true at the motion to dismiss stage.

her coffee. Id. at ¶ 26. On August 7, 2023, Plaintiff was seen at a medical facility for a rash "caused by an allergic reaction to roach ingestion." Id. at ¶ 27. For multiple days after drinking the coffee, Plaintiff continued to feel "lethargic, itchy, achy, and her face and eyes began to swell and she began to get hives and was having difficulty breathing." Id. at ¶ 28. Plaintiff alleges that she was diagnosed with chronic urticaria, as a result of the cockroach ingestion. Id. at ¶ 29.

Plaintiff requests judgment against all Defendants and requests fair compensation for her injuries including special, general, and punitive damages. Id. at ¶ 79.

## III. MOTION TO STRIKE

The Court must first address the pending motion to strike. Defendants moved to dismiss Plaintiff's untimely response to Defendants' motion to dismiss pursuant to Local Rule 7.02(b)(1). ECF No. 21.

Local Rule 7.02(b)(1) states that "responses to motions shall be filed and served within fourteen (14) days from the date of service of the motion." But "the judicial officer to whom the motion is addressed may modify the times for serving memoranda." L.R. Civ. P. 7.02(b)(4).

Pursuant to Local Rule 7.02(b)(1), Plaintiff should have filed her response no later than October 23, 2025. Instead, Plaintiff filed a Response in Opposition to Defendants' Motion to

Dismiss [ECF No. 20] on November 10, 2025. Plaintiff has never explained or addressed why their response was not filed within the fourteen-day timeframe required by the local rules.

The Court finds that Plaintiff has not demonstrated excusable neglect for failing to file her response within the fourteen-day time period required by the local rules. Accordingly, Defendants' motion to strike [ECF No. 21] is **GRANTED.**

## IV. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant files a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the ultimate burden of showing that jurisdiction exists by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, where a court makes a Rule 12(b)(2) determination without a hearing and based only on the written record, as the Court does here, the plaintiff need only put forth a prima facie showing of jurisdiction "by pointing to affidavits or other relevant evidence." Henderson v. Metlife Bank, N.A., No. 3:11-cv-20, 2011 WL 1897427, at *6 (N.D. W. Va. May 18, 2011); see also New Wellington Fin. Corp., 416 F.3d at 294. The Court must then "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." New

Wellington Fin. Corp., 416 F.3d at 294; see also 5B Wright & Miller, Federal Practice and Procedure § 1351 (3rd. ed.).

**B. Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts

which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

When a defendant moves to dismiss under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the "documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (citing E.I. du Pont de Nemours & Co., 637 F.3d at 448). "This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." Id. Courts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment only if the documents are "integral to and explicitly relied on in the complaint," and "the plaintiffs do not challenge [the documents'] authenticity." Zak, 780 F.3d at 606-07; see also Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

## V. DISCUSSION

Defendants argue Plaintiff's Amended Complaint should be dismissed for (1) lack of personal jurisdiction under Rule 12(b)(2), and (2) failure to state a claim under Rule 12(b)(6).

**A. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is Denied.**

Plaintiff has met her burden to establish this Court's personal jurisdiction over Defendants, at this stage of the litigation. Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Importantly as a result, for a district court to have jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) must be authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). As West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the United States Constitution, see W. Va. Code § 56-3-33, the Court need only consider whether the exercise of personal jurisdiction would comport with the Due Process Clause.

West Virginia Code § 31D-15-1501 deems a foreign corporation to be transacting business in West Virginia if:

> (1) the corporation makes a contract to be performed, in whole or in part, by any party thereto, in West Virginia;

> (2) the corporation commits a tort, in whole or in part, in West Virginia; or
> (3) the corporation manufactures, sells, offers for sale or supplies any product in a defective condition and that product causes injury to any person or property within West Virginia.

For a district court to assert jurisdiction over a nonresident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Fourth Circuit states that an out-of-state defendant must have minimum contacts that are purposeful to help "ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).

A court analyzes whether a defendant possesses such minimum contacts by looking to whether the plaintiff seeks to establish "specific" or "general" jurisdiction. Specific jurisdiction is exercised when the defendant's contacts with the forum state form the basis of the suit. Carefirst, 334 F.3d at 397. In determining whether a defendant's contacts support the exercise of specific jurisdiction, a district court considers the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at

the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. at 396.

In the business context, the purposeful availment evaluation weighs a number of factors: (1) "whether the defendant maintains offices or agents in the forum state;" (2) "whether the defendant owns property in the forum state;" (3) "whether the defendant reached into the forum state to solicit or initiate business;" (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (5) "whether the parties contractually agreed that the law of the forum state would govern disputes;" (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" (7) "the nature, quality and extent of the parties' communications about the business being transacted;" and (8) "whether the performance of contractual duties was to occur within the forum." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014), (quoting Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted)). Generally, a "foreign defendant has purposefully availed itself of the privilege of conducting business in the forum state when the defendant substantially collaborated with a forum resident and that joint enterprise constituted an integral element of the dispute." Universal Leather, 773 F.3d at 559; (quoting Tire Eng'g v. Shandong Linglong Rubber Co., 682 F.3d 292, 302 (4th Cir.

2012) (internal quotations omitted)). In contrast, purposeful availment is absent in cases where "the locus of the parties' interaction was overwhelmingly abroad." Tire Eng'g, 682 F.3d at 302.

Where the defendant's contacts are unrelated to the basis of the suit, a court must look to the requirements of general jurisdiction. Id. at 397. The standard for finding the existence of general jurisdiction is high: the defendant must have "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416(1984); see also ESAB Group, Inc. v. Centricut, 126 F.3d 617, 623 (4th Cir. 1997) ("[T]he threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than for specific jurisdiction."). The hallmark of general jurisdiction is that the defendant's contacts with the forum state are so extensive that it should reasonably foresee being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Plaintiff has met the prima facie burden of establishing personal jurisdiction; therefore, the motion to dismiss is denied on this ground. Fed. R. Civ. P. 12(b)(2). Although Defendants contend that HomeAway and VRBO Holdings are not a party to any contract made between the property owner and the renter, the Court finds HomeAway, a Delaware Corporation with its principal place of

business in Texas, and VRBO Holdings, a Delaware corporation with its principal place of business in Washington, have sufficient contacts with West Virginia to render the exercise of jurisdiction over Defendants constitutionally permissible.

Defendants argue the Court does not have personal jurisdiction over them because there are insufficient minimum contacts with the forum state. See ECF No. 10. Defendants continuously assert that they are not a party to any contractual agreement between the property owner and renter. See id. Specifically, Defendants argue that neither HomeAway or VRBO Holdings "owned, possessed, operated, managed, controlled, inspected, maintained, or rented the Property or any properties listed by third parties on its websites." Id. at p. 4. Further, Defendants argue that there is "no agent, employee, or joint-venture relationship . . . between HomeAway and any of the other named defendants." Id.

Here, Defendants' argument that neither HomeAway nor VRBO Holdings have purposefully availed itself of the privilege of conducting business in the forum state fails. While Defendants do not maintain an address or different offices in the forum state, the businesses advertise West Virginia rental residences on their website. Defendants are correct in stating that simply having a public website that is accessible in another jurisdiction is not enough to establish personal jurisdiction. Id. at p. 12. However,

Defendants have purposely availed themselves to the forum through advertising various West Virginia residences to potential renters. See ECF No. 20, at pp. 6-7. The property at issue was advertised on Defendants' websites, as well as many other West Virginia rental properties. Defendants' websites are not only accessible in other jurisdictions; Defendant purposely advertises rental properties in West Virginia in the hopes of drawing business in this State.

In their motion [ECF No. 8], Defendants place large emphasis on the concept that neither HomeAway, nor VRBO Holdings, intentionally advertise their websites to travelers from West Virginia. ECF No. 9, at p. 10. It can hardly be argued that HomeAway or VRBO Holdings are not availing their services to West Virginia when their websites are advertising rental properties in West Virginia. Put plainly, Defendants are engaging in business activities directed at West Virginia and thus are purposely availing themselves to the forum state. Moreover, Plaintiff's claims arise out of Defendants' business activities in West Virginia. Plaintiff rented the Property through Defendants' website, where the property was advertised.

While neither Defendant has, nor had, any operations in the state of West Virginia, Defendants have engaged in long-term business activities in West Virginia. Allowing Defendants to conduct business and advertise their services in West Virginia without allowing Plaintiff to bring Defendants into this Court

would plainly go against public policy. Because Plaintiff met her prima facie burden in the specific personal jurisdiction inquiry, the motion is **DENIED**. Fed. R. Civ. P. 12(b)(2).

**B. Defendant's Motion to Dismiss For Failure to State a Claim is Denied in Part and Granted in Part.**

The Court further denies in part and grants in part the motion to dismiss pursuant to Rule 12(b)(6).

Defendants argue that Plaintiff fails to allege viable claims for negligence, breach of warranties, misrepresentation, joint venture, negligence per se, and grossly negligent and reckless conduct. ECF No. 10, at p. 22. Defendants argue that Plaintiff is unable to show that Defendants owed Plaintiff a duty as a matter of law and does not allege any facts that could plausibly result in such claims. Id. at pp. 22-23.

**1. Negligence/Negligence Per Se/Grossly Negligent and Reckless Conduct**

To succeed in a claim for negligence, a plaintiff must prove, by a preponderance of the evidence, that the defendant owed a duty, the defendant breached the duty owed, and the negligent breach was the proximate cause of the injury. Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016). "No action for negligence will lie without a duty broken." Syl. Pt. 1, in part, Parsley v. General Motors Acceptance Corp., 280 S.E.2d 703 (W. Va. 1981). Importantly, "[t]he determination of whether a defendant ... owes a duty to the plaintiff is not a factual question for the jury; rather the

determination ... must be rendered by the court as a matter of law." Syl. Pt. 5, Eastern Steel Constructors, Inc. v. City of Salem, 549 S.E.2d 266, 267-68 (W. Va. 2001) (citation omitted).

In their motion, Defendants argue that there is no way that Defendants could have foreseen the alleged harm suffered by Plaintiff. ECF No. 10, at p. 23. Defendants contend Plaintiff does not allege any facts that Defendants had or should have had knowledge concerning the conditions of the coffee maker and that Plaintiff alleges no "affirmative conduct" on the part of the Defendants that contributed to the condition of the coffee maker. Id. at p. 24.

Plaintiff's Complaint alleges that Defendants had a duty to keep their premises in a reasonably safe condition and that Defendants breached that duty when they failed to "fix hidden dangers and/or defects on their property" that led to the roach infestation. ECF No. 1-3, at ¶ 45(a)-(b). Additionally, Plaintiff alleges that Defendants' lack of pest control maintenance and maintenance of the subject premises caused Plaintiff to ingest "roaches and roach feces" and caused her "serious, permanent injury." Id. at ¶ 47.

In their motion to dismiss, Defendants appear to expect Plaintiff to have fully developed legal arguments for each of the negligence counts levied against the Defendants. See id. At this stage, Plaintiff's complaint must only be plausible. According to

the facts alleged in the complaint, this Court can draw the reasonable inference that Defendants could have acted in a negligent manner which led to Plaintiff's injuries. Further, since Defendants are alleged to be heavily involved in the rental agreement made between Plaintiff and the property owners, it is premature to assume that Defendants owed no duty of care to Plaintiff. While it is unclear whether Plaintiff will ultimately prevail on each of the negligence claims alleged against Defendants, it is logical to allow discovery to proceed at this point.

Defendants' motion to dismiss Counts I (Negligence), V (Negligence Per Se), and VI (Grossly Negligent and Reckless Conduct) is **DENIED.**

**2. Breach of Warranties**

Under the West Virginia Code,

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
>
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

W. Va. Code § 46-2-313. To establish a breach of express warranty, a plaintiff must "show the existence of an express warranty, breach of the express warranty, and damages proximately caused by the breach." Bishop v. Triumph Motorcycles (Am.) Ltd., No. 3:18-CV-186, 2021 WL 4316810, at *9 (N.D.W. Va. Sept. 22, 2021), aff'd, No. 21-2113, 2022 WL 17103710 (4th Cir. Nov. 22, 2022) (citation omitted). Further, Under West Virginia law, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is ... an implied warranty that the goods shall be fit for such purpose." See W. Va. Code § 46-2-315.

West Virginia law provides for two types of implied warranties: (1) the implied warranty of merchantability, and (2) the implied warranty of fitness for a particular purpose. See W. Va. Code §§ 46-2-314, 46-2-315.

Defendants argue that Plaintiff provides no specific express or implied warranties in her Complaint. ECF No. 10, at pp. 24-25. Since Plaintiff does not give specific express or implied warranties or allege how Defendants breached such warranties, Defendants argue that Plaintiff's claim for breach of warranties lacks facial plausibility. Id.

The Court disagrees that Plaintiff does not allege sufficiently specific express or implied warranties in the Complaint. In the Complaint, Plaintiff alleges that Defendants "expressly and impliedly warranted to Plaintiff that the rental property was safe and posed no unreasonable hazards to life and safety when the Defendants, by and through their agents and/or employees, rented an apartment to Plaintiff." ECF No. 1-3, ¶ 61. While Plaintiff does not give the specific contractual provisions from the rental agreement, Plaintiff has alleged enough facts to proceed at this stage.

Defendants' motion to dismiss Count II (Breach of Warranties) of Plaintiff's Complaint is **DENIED**.

**3. Misrepresentation**

Under West Virginia law,

> To state a claim for negligent misrepresentation ..., a plaintiff must establish (1) that a defendant represented a matter as being true, (2) that the defendant had no knowledge of the truth of his representation, (3) that the representation was false, and (4) that the plaintiff relied

on the false representation to his detriment.

Kerns v. Range Res. – Appalachia, LLC, No. 1:10CV23, 2011 WL 3753117, at *7 (N.D.W. Va. Aug. 23, 2011) (citations omitted and numbers added). The Supreme Court of Appeals of West Virginia has also held that a plaintiff must allege a "sufficient special relationship or duty" toward a defendant. Kidd v. Mull, 595 S.E.2d 308, 317 (W. Va. 2004).

Defendants argue the Complaint fails to provide the specific misrepresentations Defendants made to Plaintiff. ECF No. 10, at pp. 24-25. The Court disagrees. Plaintiff alleges Defendants misrepresented that the rental property posed no unreasonable hazards and was safe when the property did allegedly pose hazards to health and safety. ECF No. 1-3, at ¶¶ 64-65. Plaintiff has sufficiently pled enough specifics to proceed to discovery on the allegation of misrepresentation.

Defendants' motion to dismiss Count III (Misrepresentations) of Plaintiff's Complaint is **DENIED**.

**4. Joint Venture**

A joint venture is "an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge. It arises out of a contractual relationship between the parties. The contract may be oral or written, express or implied." Syl. pt. 5, Armor v. Lantz, 535 S.E.2d 737, 739 (W. Va. 2000)

(citation and quotation marks omitted). Under West Virginia law, there is no independent cause of action for a joint venture. Farley v. Phillips and Jordan, Inc., No. 2:20-CV-00163, 2020 WL 1677407, at *3 (S.D.W. Va. Apr. 6, 2020). Rather, joint venture is a theory of liability that must relate to a substantive cause of action. Id.

Because a joint venture is not an independent basis for liability in West Virginia, Defendants' motion to dismiss Count IV (Joint Venture) of Plaintiff's complaint is **GRANTED.** To the extent Plaintiff seeks to argue joint venture as a theory of liability for any of the surviving causes of action, she may do so.

## VI. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED** and Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** as to Count IV (Joint Venture) and **DENIED IN PART** as to all other claims. ECF No. 8. Furthermore, Defendants' motion to strike [ECF No. 21] is **GRANTED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** September 28, 2026

Tom S Kleeh

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA